UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BARBARA JOHNSON

CIVIL ACTION

VERSUS

NO. 18-961-BAJ-EWD

MARTERIOUS BEALE, ET AL.

## NOTICE AND ORDER

Plaintiff, Barbara Johnson ("Plaintiff"), filed a Petition for Damages (the "Petition") in state court for damages allegedly arising out of injuries Plaintiff sustained in a September 12, 2017 automobile accident. Plaintiff named Marterious R. Beale ("Beale"), Enterprise Holdings, Inc. ("Enterprise"), ABC Insurance Company, and State Farm Mutual Automobile Insurance Company ("State Farm") as defendants.[1] On October 26, 2018, State Farm filed a Notice of Removal pursuant to 28 U.S.C. § 1332 based on the assertion that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are completely diverse.[2]

On October 30, 2018, State Farm was ordered to file a Motion to Substitute its Notice of Removal with a Notice of Removal that adequately alleged the citizenship of all parties.[3] Additionally, the court *sua sponte* raised the issue of whether the amount in controversy requirement was met and ordered State Farm to file a memorandum and supporting evidence regarding the amount in controversy. Although State Farm timely filed its Motion to Substitute, it did not submit a memorandum and evidence regarding the amount in controversy. While State Farm's Amended and Supplemental Notice of Removal (the "Amended Notice"), for the most part, repeats *verbatim* the allegations regarding the amount in controversy as set out in its original

---

[1] R. Doc. 1-2, p. 1, ¶ 1.

[2] R. Doc. 1.

[3] R. Doc. 3.

1

Notice of Removal, the Amended Notice does reflect some revisions regarding State Farm's position on the amount in controversy.

In its Amended Notice, State Farm continues to assert that it is "facially apparent" from the Petition that the amount in controversy exceeds $75,000.00 and relies on, *inter alia*, the allegations of Petition. In the Petition, Plaintiff asserts that Beale, while operating a vehicle owned by Enterprise, "struck petitioner's vehicle violently"[4] and that as a result of the accident, Plaintiff "sought medical treatment for injuries and incurred medical and related expenses, in addition to a loss and/or diminution of her earnings and earning capacity, physical injury, physical pain and suffering, mental anguish and distress, and loss of enjoyment of life, all past, present, and future."[5] Plaintiff further alleges that as a result of the accident, she "has suffered, continues to suffer, and/or will suffer in the future" "[s]evere physical pain," "[d]ecreased flexion capabilities," "[s]evere mental anguish and distress," [f]unctional and/or anatomical disability," "[l]oss of enjoyment of life," and "[i]nability to engage in and perform personal activities."[6] Finally, Plaintiff alleges in her Petition that she "has incurred significant medical expenses to diagnose and treat her injuries and will incur future medical expenses all as a result of this accident."[7] Plaintiff's Petition does not provide any information regarding Plaintiff's specific injuries, incurred or anticipated medical treatment or expenses, or alleged disability. Moreover, there is no information regarding Plaintiff's diminution of earnings or lost earning capacity. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages

---

[4] R. Doc. 1-2, p. 2, ¶¶ 4-5.

[5] R. Doc. 1-2, pp. 2-3, ¶ 8.

[6] R. Doc. 1-2, p. 3, ¶ 9.

[7] R. Doc. 1-2, p. 3, ¶ 10.

sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[8]

In addition to the allegations of Plaintiff's Petition, State Farm also argues that:

> The Petition for Damages does not aver that Plaintiff's cause of action does not exceed $75,000.00, exclusive of interest and costs, nor does Plaintiff's Petition for Damages offer a binding stipulation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis, et al v. State Farm, et al*, Case 2:06-cv-00560-SSV-ALC (E.D. La. June 7, 2006). Plaintiff, through her counsel of record, has refused to stipulate to damages of $75,000.00 or less, stating that Ms. Johnson's treatment for injuries allegedly sustained as a result of the accident of September 12, 2017 accident made subject of this suit continues and the severity of her alleged injuries, as well as the extent of her ongoing medical treatment is not fully quantifiable at this time. Accordingly, based on said representations, it appears that plaintiff's alleged treatment has continued for a period of 13.5 months to present and is ongoing at this time.[9]

While State Farm relies on Plaintiff's failure to include a jurisdictional allegation in the Petition, the failure to include such an allegation is not dispositive of the amount in controversy. Louisiana Code of Civil Procedure 893(A)(1) provides that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish…the lack of

---

[8] *See, Anderson v. Swift Transportation Company of Arizona, LLC*, Civil Action No. 18-13, 2018 WL 3341822, at *3 (M.D. La. June 4, 2018) (quoting *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, Civil Action No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, Civil Action No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08 CV 1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. Civ. A. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)).

[9] R. Doc. 1, ¶ 6. It appears that this paragraph of the Amended and Supplemental Notice of Removal was revised by State Farm. The original Notice of Removal provided that "Plaintiff has **refused to stipulate** and the Petition for Damages does not aver that Plaintiff's cause of action does not exceed $75,000.00, exclusive of interest and costs, nor does Plaintiff's Petition for Damages offer a binding stipulation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant *to Davis, et al v. State Farm, et al*, Case 2:06-cv-00560-SSV-ALC (E.D. La. June 7, 2006)."

jurisdiction of federal courts due to insufficiency of damages…a general allegation that the claim exceeds or is less than the requisite amount is required."  With respect to La. C.C.P. article 893(A)(1), this Court has held that a "plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy."[10]

Likewise, Plaintiff's alleged "failure to stipulate" is not dispositive of the amount in controversy issue.  Although State Farm asserts that Plaintiff has refused to stipulate to damages less than the jurisdictional threshold, State Farm also contends that Plaintiff's counsel stated that Plaintiff's damages are "not fully quantifiable at this time."[11]  Accordingly, it is not entirely clear whether Plaintiff has refused to stipulate to the amount of her damages because those damages exceed $75,000.00, or instead because Plaintiff does not know the amount of her damages.  In any event, and assuming State Farm provided Plaintiff with a proposed stipulation that Plaintiff refused to sign,[12] this Court has explained that a plaintiff is under no legal obligation to sign such a stipulation, and that the failure to stipulate is but one factor that the court may consider when analyzing whether the amount in controversy is present.[13]

---

[10] *Weber v. Stevenson*, Civil Action No. 07-5595, 2007 WL 4441261, at * 4 (M.D. La. Dec. 14, 2007).  *See also*, *Haydel v. State Farm Mut. Auto. Ins. Co.*, CIVA 07-939, 2008 WL 2781472, at * 5 (M.D. La. July 10, 2008) ("This Court has held that the failure to make such an allegation is not, in and of itself, determinative of the amount in controversy; however, such failure is entitled to 'some consideration' in making the jurisdictional determination.") (citing *Weber*); *Machinery Paver Sales, Inc. v. Bomag Americas, Inc.*, Civil Action No. 06-697, 2007 WL 2900489, at * 3 (M.D. La. Oct. 1, 2007).

[11] R. Doc. 1, ¶ 6.

[12] State Farm did not provide any documentation of communications with counsel for Plaintiff regarding Plaintiff's damages and injuries or discussing a potential stipulation regarding the amount in controversy.

[13] *Torres v. Mall of Louisiana, LLC*, Civil Action No. 17-466, 2017 WL 6994347, at * 3, n. 20 (M.D. La. Dec. 5, 2017) ("this Court has previously held that, 'Plaintiffs did not have a legal obligation to sign Defendant's stipulation 'and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000.'") (citing *Cole v. Mesilla Valley Transportation*, Civ. A. No. 16-841-SDD-RLB, 2017 WL 1682561, at *5 (M.D. La. Mar. 15, 2017) (quoting *Lipford v. Boehringer Ingelheim Pharm., Inc.*, Civ. A. No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014)); *Jacobs v. Fred's Super Dollar Store*, Civil Action No. 15-234, 2015 WL 4543060, at * 4 (M.D. La. July 27, 2015) ("Plaintiff did not have a legal obligation to sign Defendant's stipulation 'and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of

Finally, while State Farm states that "[u]pon information and belief, the auto liability policy issued by ABC Insurance Company to and/or in favor of Defendants…is a commercial auto liability policy with liability limits well in excess"[14] of the jurisdictional threshold, there is no information regarding the identity of the fictitious insurer, nor the limits of that insurance policy. Nor does State Farm assert that Plaintiff has made a demand on that unknown policy. Moreover, while State Farm notes the policy limits of its own insurance policy, the liability limits of the State Farm policy do not exceed the jurisdictional threshold and, regardless, there is no indication that Plaintiff has made a policy limits demand.

Based on the information in the Petition, it is not facially apparent that the amount in controversy exceeds the jurisdictional threshold. By this Court's October 30, 2018 Notice and Order, the undersigned gave State Farm an opportunity to provide additional evidence regarding the amount in controversy. However, State Farm has not done so. Instead, State Farm has only provided an Amended and Supplemental Notice of Removal that for the most part repeats insufficient assertions regarding the amount in controversy as set out in its original Notice of Removal. State Farm has not provided any additional information regarding the limits of the "ABC Insurance" policy, nor has it provided documentation that Plaintiff made a policy limits demand (or any other demand) on either the State Farm policy or the fictitious insurer. There continues to be no information regarding Plaintiff's specific injuries, incurred or anticipated medical treatment or expenses, alleged disability, Plaintiff's diminution of earnings, or lost earning capacity. There

---

the evidence that the case is worth more than $75,000.' Such a refusal 'is but one factor for the court to consider.'") (internal citation omitted). *See also*, *Lowe v. State Farm Fire & Cas. Co.*, Civil Action No. 07-7454, 2008 WL 906311, at * 2 (E.D. La. April 2, 2008) ("State Farm emphasizes both in the notice of removal and in its opposition that Plaintiffs did not file a pre-removal binding stipulation regarding the amount in controversy. However, Plaintiffs' failure to do so does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied.").

[14] R. Doc. 1, ¶ 6.

are no verified discovery responses (such as requests for admission)[15] or pre-removal settlement demands.

Accordingly,

**IT IS HEREBY ORDERED** that State Farm Mutual Automobile Insurance Company shall file, within seven (7) days of this Notice and Order, either: (1) a memorandum and *supporting evidence* concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met; (2) a Notice stating that State Farm rests on its position regarding the amount in controversy as set forth in the Amended and Supplemental Notice of Removal; or (3) a Motion to Withdraw its Notice of Removal and remand the case.[16]

**IT IS FURTHER ORDERED** that unless State Farm Mutual Automobile Insurance Company files a Motion to Withdraw its Notice of Removal and remand the case, Plaintiff shall

---

[15] Although State Farm has not yet requested it, the undersigned is disinclined to allow jurisdictional discovery regarding the amount in controversy in situations such as this. As one court recently noted, "[i]f the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discovery those facts *before* effecting removal. That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence.'" *Bonvillian v. National Liability & Fire Ins. Co.*, Civil No. 6:16-1708, 2017 WL 892311, at * 3 (W.D. La. Feb. 1, 2017) (quoting *Bosky*, 288 F.3d at 211)). As explained herein, *see*, n. 16, *infra*, the Fifth Circuit has repeatedly cautioned against protective removals and has established timing rules that allow a defendant to engage in discovery regarding the amount in controversy before filing a notice of removal.

[16] In the event State Farm rests on its position regarding the amount in controversy as set forth in the Amended and Supplemental Notice of Removal, the undersigned notes that the Fifth Circuit has repeatedly stated that "protective" removals are disfavored and has established timing rules that would have allowed Defendants to engage in discovery regarding the amount in controversy *prior* to removal. *See*, *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 (5th Cir. 1992); *Mumfrey v. Powermatic, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013) ("the rule remains that the thirty-day clock is not triggered unless the initial pleading 'affirmatively reveals on its face' that the plaintiff's sought damages exceeding the jurisdictional amount."). *See also*, *Nordman v. Kansas City Southern Railway Co.*, Civil Action No. 08-2025, 2009 WL 976493, at * 3 (W.D. La. April 9, 2009) ("This court has historically demanded that removing defendants promptly satisfy their burden of establishing by a preponderance of the evidence the requisite amount in controversy. Otherwise, the case is swiftly remanded. The court has also long discouraged premature or protective removals of cases in which the amount in controversy is in doubt because of vague pleadings about 'serious' but unspecified injuries and the like. Those protective removals waste a great deal of time for the parties and the court. To hold that the removal period was triggered in this case by the original petition would be contrary to that policy, encourage wasteful protective removals, and be inconsistent with the rules and policy set forth in *Chapman* and related Fifth Circuit decisions."). Given that the amount in controversy here is not facially apparent in the Petition, State Farm may consider filing a Motion to Withdraw its Notice of Removal. If instead a motion to remand is ultimately necessary, 28 U.S.C. § 1447(c) permits an award of costs and expenses if the case is remanded.

file either: (1) a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met; or (2) a Motion to Remand within ten (10) days after the filing of the State Farm Mutual Automobile Insurance Company's submission.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on November 15, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**