UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BARBARA JOHNSON

VERSUS

MARTERIOUS BEALE, ET AL.

CIVIL ACTION

NO. 18-961-BAJ-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 24, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BARBARA JOHNSON

VERSUS

MARTERIOUS BEALE, ET AL.

CIVIL ACTION

NO. 18-961-BAJ-EWD

## **RECOMMENDATION AND ORDER**

Before the Court is a Motion for Remand (the "Motion")[1] filed by plaintiff, Barbara Johnson ("Plaintiff"). No timely opposition to the Motion has been filed.[2] Additionally, Plaintiff has filed an Unopposed Motion for Status Conference[3] by which Plaintiff asks this Court "to convene a status conference by telephone at the Court's earliest convenience to discuss future scheduling, anticipated discovery, the pending motion to remand, and if further proceedings in this case are warranted in this Court."[4]

For the reasons set forth herein, the undersigned recommends[5] that the Motion[6] be granted and that this matter be remanded to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

---

[1] R. Doc. 11.

[2] Any opposition to the Motion was required to be filed within 21 days after service of the Motion. Local Civil Rule 7(f). On February 5, 2019, State Farm filed an untimely opposition to the Motion to Remand, which was subsequently stricken from the record. R. Docs. 16 & 18. State Farm has not sought leave to file an untimely opposition to the Motion to Remand.

[3] R. Doc. 19.

[4] R. Doc. 19, p. 1. *See also*, R. Doc. 19, p. 2 ("Plaintiff respectfully requests that the Court schedule a status conference at its earliest convenience to address the issue of remand or, in the alternative, issue a schedule for future proceedings.").

[5] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[6] R. Doc. 11.

The undersigned further recommends that Plaintiff be awarded fees and costs under 28 U.S.C. § 1447(c). However, because Plaintiff has not submitted any information regarding the appropriate amount of such fees, in the event this recommendation is adopted, the undersigned recommends that Plaintiff be ordered to file, within ten (10) days of the Ruling adopting this recommendation, a Motion with supporting documents, for costs and actual expenses, including attorney fees.

Considering these recommendations, the Unopposed Motion for a Status Conference[7] will be denied.

## I.    Background

Plaintiff filed a Petition for Damages (the "Petition") in state court for damages allegedly arising out of injuries Plaintiff sustained in a September 12, 2017 automobile accident. Plaintiff named Marterious R. Beale ("Beale"), Enterprise Holdings, Inc. ("Enterprise"), ABC Insurance Company, and State Farm Mutual Automobile Insurance Company ("State Farm") as defendants.[8] On October 26, 2018, State Farm filed a Notice of Removal pursuant to 28 U.S.C. § 1332 based on the assertion that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are completely diverse.[9]

On October 30, 2018, State Farm was ordered to file a Motion to Substitute its Notice of Removal with a Notice of Removal that adequately alleged the citizenship of all parties.[10] Additionally, the court *sua sponte* raised the issue of whether the amount in controversy requirement was met and ordered State Farm to file a memorandum and supporting evidence

---

[7] R. Doc. 19.

[8] R. Doc. 1-2, p. 1, ¶ 1.

[9] R. Doc. 1.

[10] R. Doc. 3.

regarding the amount in controversy.[11] Although State Farm timely filed its Motion to Substitute, it did not submit a memorandum and evidence regarding the amount in controversy. While State Farm's Amended and Supplemental Notice of Removal (the "Amended Notice"), for the most part, repeated *verbatim* the allegations regarding the amount in controversy as set out in its original Notice of Removal, the Amended Notice did reflect some revisions regarding State Farm's position on the amount in controversy.[12] On November 15, 2018, State Farm was ordered to file either (1) a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met; (2) a Notice stating that State Farm rests on its position regarding the amount in controversy as set forth in the Amended and Supplemental Notice of Removal; or (3) a Motion to Withdraw its Notice of Removal and remand the case.[13] On December 5, 2018, State Farm filed a Notice of Intent to Rest on Original and Amended and Supplemental Notice of Removal for Amount in Controversy (the "Notice").[14]

On December 14, 2018, Plaintiff filed the instant Motion, seeking an order remanding this action to state court and "requiring payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[15] Plaintiff contends that remand is proper

---

[11] R. Doc. 3.

[12] Per the Amended Notice, the parties are completely diverse. R. Doc. 1, ¶ 5 (alleging Plaintiff is domiciled in Louisiana, Beale is domiciled in Mississippi, Enterprise "is a Missouri corporation with its principal place of business in St. Louis, Missouri," and that State Farm "is incorporated in and has its principal place of business in McClean County, Illinois." Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of a defendant sued under a fictious name- such as ABC Insurance Company – "shall be disregarded" for purposes of determining whether an action is removable on the basis of section 1332(a).

[13] R. Doc. 7.

[14] R. Doc. 9. Per the Notice, State Farm averred that it had been "unable to obtain a stipulation from Plaintiff's counsel regarding the amount in controversy to confirm whether it exceeds or falls below the jurisdictional threshold for removal to this Honorable Court or other, additional evidentiary support regarding the amount in controversy herein. Accordingly, State Farm Mutual Automobile Insurance Company submits that it rests upon its position regarding the amount in controversy as pled in its original…and Amended and Supplemental Notice of Removal." R. Doc. 9.

[15] R. Doc. 11.

3

because State Farm "has not satisfied the amount-in-controversy requirement."[16] Plaintiff asserts that "[i]t is not apparent from the face of the Plaintiff's Petition for Damages or the Notice of Removal that Plaintiff's claims in this matter are likely to exceed $75,000. Even though Plaintiff seeks several items of damages, there is no indication of the actual injuries Plaintiff sustained or the amount in controversy related to her alleged injuries or damages."[17] Accordingly, Plaintiff contends that State Farm has failed to carry its burden of establishing federal subject matter jurisdiction.[18] As noted above, no timely opposition to the Motion was filed, nor did State Farm seek leave to file an untimely opposition.

## II. Law and Analysis

### A. Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[19] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[20] In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.[21] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of

---

[16] R. Doc. 11-1, p. 2.

[17] R. Doc. 11-1, p. 2. Plaintiff does not provide any additional information regarding her medical expenses or actual injuries in the Motion.

[18] R. Doc. 11-1, p. 4.

[19] 28 U.S.C. § 1441(a).

[20] 28 U.S.C. § 1332(a)-(a)(1).

[21] *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted). No party is arguing that there was any change in jurisdictional facts between the filing of the suit in state court and the removal of the case to this court.

4

remand.[22]  The removing party has the burden of proving federal diversity jurisdiction.[23]  Remand is proper if at any time the court lacks subject matter jurisdiction.[24]

### B. State Farm Has Failed to Establish, by a Preponderance, that the Amount in Controversy Likely Exceeds $75,000, Exclusive of Interest and Costs

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions.[25]  When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[26]  The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[27]  Once a removing defendant has established, by a preponderance, that the amount in controversy exceeds the federal jurisdictional amount, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[28]

In its Amended Notice, State Farm continues to assert that it is "facially apparent" from the Petition that the amount in controversy exceeds $75,000.00 and relies on, *inter alia*, the allegations of Petition.  In the Petition, Plaintiff asserts that Beale, while operating a vehicle owned by Enterprise, "struck petitioner's vehicle violently"[29] and that as a result of the accident, Plaintiff

---

[22] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

[23] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

[24] *See*, 28 U.S.C. § 1447(c).

[25] La. C.C.P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

[26] *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

[27] *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 73 F.3d 1326, 1335 (5th Cir. 1995)).

[28] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[29] R. Doc. 1-2, p. 2, ¶¶ 4-5.

5

"sought medical treatment for injuries and incurred medical and related expenses, in addition to a loss and/or diminution of her earnings and earning capacity, physical injury, physical pain and suffering, mental anguish and distress, and loss of enjoyment of life, all past, present, and future."[30] Plaintiff further alleges that as a result of the accident, she "has suffered, continues to suffer, and/or will suffer in the future" "[s]evere physical pain," "[d]ecreased flexion capabilities," "[s]evere mental anguish and distress," [f]unctional and/or anatomical disability," "[l]oss of enjoyment of life," and "[i]nability to engage in and perform personal activities."[31]  Finally, Plaintiff alleges in her Petition that she "has incurred significant medical expenses to diagnose and treat her injuries and will incur future medical expenses all as a result of this accident."[32]

Plaintiff's Petition does not provide any specific information regarding Plaintiff's alleged injuries, incurred or anticipated medical treatment or expenses, or alleged disability.  Moreover, there is no information regarding Plaintiff's diminution of earnings or lost earning capacity. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[33]

In addition to the allegations of Plaintiff's Petition, State Farm also argues that:

---

[30] R. Doc. 1-2, pp. 2-3, ¶ 8.

[31] R. Doc. 1-2, p. 3, ¶ 9.

[32] R. Doc. 1-2, p. 3, ¶ 10.

[33] *See*, *Anderson v. Swift Transportation Company of Arizona, LLC*, Civil Action No. 18-13, 2018 WL 3341822, at *3 (M.D. La. June 4, 2018) (quoting *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, Civil Action No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, Civil Action No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08 CV 1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. Civ. A. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)).

> The Petition for Damages does not aver that Plaintiff's cause of action does not exceed $75,000.00, exclusive of interest and costs, nor does Plaintiff's Petition for Damages offer a binding stipulation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to <u>Davis, et al v. State Farm, et al</u>, Case 2:06-cv-00560-SSV-ALC (E.D. La. June 7, 2006). Plaintiff, through her counsel of record, has **refused to stipulate** to damages of $75,000.00 or less, stating that Ms. Johnson's treatment for injuries allegedly sustained as a result of the accident of September 12, 2017 accident made subject of this suit continues and the severity of her alleged injuries, as well as the extent of her ongoing medical treatment is not fully quantifiable at this time. Accordingly, based on said representations, it appears that plaintiff's alleged treatment has continued for a period of 13.5 months to present and is ongoing at this time.[34]

While State Farm relies on Plaintiff's failure to include a jurisdictional allegation in the Petition, the failure to include such an allegation is not dispositive of the amount in controversy. Louisiana Code of Civil Procedure 893(A)(1) provides that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages…a general allegation that the claim exceeds or is less than the requisite amount is required." With respect to La. C.C.P. article 893(A)(1), this Court has held that a "plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy."[35]

---

[34] R. Doc. 1, ¶ 6 (emphasis in original). This paragraph of the Amended and Supplemental Notice of Removal was revised by State Farm. The original Notice of Removal provided that "Plaintiff has **refused to stipulate** and the Petition for Damages does not aver that Plaintiff's cause of action does not exceed $75,000.00, exclusive of interest and costs, nor does Plaintiff's Petition for Damages offer a binding stipulation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant *to Davis, et al v. State Farm, et al*, Case 2:06-cv-00560-SSV-ALC (E.D. La. June 7, 2006)."

[35] *Weber v. Stevenson*, Civil Action No. 07-5595, 2007 WL 4441261, at * 4 (M.D. La. Dec. 14, 2007). *See also*, *Haydel v. State Farm Mut. Auto. Ins. Co.*, CIVA 07-939, 2008 WL 2781472, at * 5 (M.D. La. July 10, 2008) ("This Court has held that the failure to make such an allegation is not, in and of itself, determinative of the amount in

7

Likewise, Plaintiff's alleged "failure to stipulate" is not dispositive of the amount in controversy issue. Although State Farm asserts that Plaintiff has refused to stipulate to damages less than the jurisdictional threshold, State Farm also contends that Plaintiff's counsel stated that Plaintiff's damages are "not fully quantifiable at this time."[36] Accordingly, it is not entirely clear whether Plaintiff has refused to stipulate to the amount of her damages because those damages exceed $75,000.00, or instead because Plaintiff does not know the amount of her damages. In any event, and assuming State Farm provided Plaintiff with a proposed stipulation that Plaintiff refused to sign,[37] this Court has explained that a plaintiff is under no legal obligation to sign such a stipulation, and that the failure to stipulate is but one factor that the court may consider when analyzing whether the amount in controversy is present.[38]

Finally, while State Farm states that "[u]pon information and belief, the auto liability policy issued by ABC Insurance Company to and/or in favor of Defendants…is a commercial auto liability policy with liability limits well in excess"[39] of the jurisdictional threshold, there is no

---

controversy; however, such failure is entitled to 'some consideration' in making the jurisdictional determination.") (citing *Weber*); *Machinery Paver Sales, Inc. v. Bomag Americas, Inc.*, Civil Action No. 06-697, 2007 WL 2900489, at * 3 (M.D. La. Oct. 1, 2007).

[36] R. Doc. 1, ¶ 6.

[37] State Farm did not provide any documentation of communications with counsel for Plaintiff regarding Plaintiff's damages and injuries or discussing a potential stipulation regarding the amount in controversy.

[38] *Torres v. Mall of Louisiana, LLC*, Civil Action No. 17-466, 2017 WL 6994347, at * 3, n. 20 (M.D. La. Dec. 5, 2017) ("this Court has previously held that, 'Plaintiffs did not have a legal obligation to sign Defendant's stipulation 'and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000.'") (citing *Cole v. Mesilla Valley Transportation*, Civ. A. No. 16-841-SDD-RLB, 2017 WL 1682561, at *5 (M.D. La. Mar. 15, 2017) (quoting *Lipford v. Boehringer Ingelheim Pharm., Inc.*, Civ. A. No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014)); *Jacobs v. Fred's Super Dollar Store*, Civil Action No. 15-234, 2015 WL 4543060, at * 4 (M.D. La. July 27, 2015) ("Plaintiff did not have a legal obligation to sign Defendant's stipulation 'and, therefore, his refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000.' Such a refusal 'is but one factor for the court to consider.'") (internal citation omitted). *See also*, *Lowe v. State Farm Fire & Cas. Co.*, Civil Action No. 07-7454, 2008 WL 906311, at * 2 (E.D. La. April 2, 2008) ("State Farm emphasizes both in the notice of removal and in its opposition that Plaintiffs did not file a pre-removal binding stipulation regarding the amount in controversy. However, Plaintiffs' failure to do so does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied.").

[39] R. Doc. 1, ¶ 6.

information regarding the identity of the fictitious insurer, nor the limits of that insurance policy. Nor does State Farm assert that Plaintiff has made a demand on that unknown policy. Moreover, while State Farm notes the policy limits of its own insurance policy, the liability limits of the State Farm policy do not exceed the jurisdictional threshold and, regardless, there is no indication that Plaintiff has made a policy limits demand.

Based on the information in the Petition, it is not facially apparent that the amount in controversy exceeds the jurisdictional threshold. By this Court's October 30, 2018 Notice and Order, the undersigned gave State Farm an opportunity to provide additional evidence regarding the amount in controversy. However, State Farm did not do so. Instead, State Farm has "rested" on its Amended and Supplemental Notice of Removal that for the most part repeats insufficient assertions regarding the amount in controversy as set out in its original Notice of Removal. State Farm has not provided any additional information regarding the limits of the "ABC Insurance" policy, nor has it provided documentation that Plaintiff made a policy limits demand (or any other demand) on either the State Farm policy or the fictitious insurer. There continues to be no information regarding Plaintiff's specific injuries, incurred or anticipated medical treatment or expenses, alleged disability, Plaintiff's diminution of earnings, or lost earning capacity. There are no verified discovery responses (such as requests for admission)[40] or pre-removal settlement demands. Accordingly, the undersigned finds that State Farm has failed to meet its burden or

---

[40] Although State Farm has not requested it, the undersigned would be disinclined to allow jurisdictional discovery regarding the amount in controversy in situations such as this. As one court recently noted, "[i]f the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discovery those facts *before* effecting removal. That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence.'" *Bonvillian v. National Liability & Fire Ins. Co.*, Civil No. 6:16-1708, 2017 WL 892311, at * 3 (W.D. La. Feb. 1, 2017) (quoting *Bosky*, 288 F.3d at 211)). The Fifth Circuit has repeatedly cautioned against protective removals and has established timing rules that allow a defendant to engage in discovery regarding the amount in controversy before filing a notice of removal. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 (5th Cir. 1992); *Mumfrey v. Powermatic, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013); *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).

establishing, by a preponderance of the evidence, that the amount in controversy in this matter likely exceeds $75,000, exclusive of interest and costs.

### C. Attorney Fees

In addition to remand, Plaintiff has also moved for "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[41]  Section 1447(c) provides, in pertinent part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[42]  However, there is no automatic entitlement to an award of attorney fees under § 1447(c), as the clear language of the statute makes such an award discretionary.[43]  In applying § 1447(c), courts consider "the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case.... In other words, the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper."[44]

Significantly, the undersigned's November 15, 2018 Notice and Order set forth in detail the same reasoning upon which the instant Report and Recommendation is based.[45]  Specifically, State Farm was advised that general categories of damages pled in the Petition were not sufficient to meet the 'facially apparent' test and that the failure to include a jurisdictional allegation was not dispositive (particularly where, as here, the basis for the refusal was not clear).  In that Notice and Order, State Farm was given a (second) opportunity to provide supporting evidence regarding the

---

[41] R. Doc. 11, p. 1.

[42] 28 U.S.C. § 1447(c).

[43] *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 291 (5th Cir. 2000).  Considering the discretionary nature of an award under 28 U.S.C. § 1447(c) and the fact that the award is not automatic, the undersigned considers whether such an award is appropriate on a case-by-case basis.  Here, the undersigned finds Crown's removal one day after it was served and without any information regarding the extent or nature of Plaintiff's injuries or damages warrants such an award.

[44] *Id*. at 293.

[45] R. Doc. 7.

10

amount in controversy.[46] Alternatively, State Farm was instructed to either inform the Court that it "rested" on the information (that had already been determined to be insufficient) as set out in the Amended Notice or file a Motion to Withdraw its Notice of Removal and remand the case. Additionally, the Notice and Order expressly stated, "Given that the amount in controversy is not facially apparent in the Petition, State Farm may consider filing a Motion to Withdraw its Notice of Removal. If instead a motion to remand is ultimately necessary, 28 U.S.C. § 1447(c) permits an award of costs and expenses if the case is remanded."[47] Accordingly, State Farm has had significant guidance from this Court regarding the deficiencies in its amount in controversy showing, as well as a clear warning from the Court of the potential consequences if State Farm did not have sufficient information to support removal. State Farm nevertheless elected to rest on its previous submissions and forced Plaintiff to incur the expenses associated with filing the instant motion seeking remand of the case. Then, State Farm did not timely oppose the Motion to Remand and, after its untimely opposition was stricken, State Farm did not seek leave to file an opposition out of time.

Based on these considerations, the undersigned recommends that Plaintiff be awarded fees and costs under 28 U.S.C. § 1447(c). However, Plaintiff has not submitted any information regarding the appropriate amount of such fees and costs. 28 U.S.C. § 1441(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Accordingly, in the event this recommendation is adopted, the undersigned further recommends that Plaintiff be ordered to file, within ten (10)

---

[46] The undersigned's October 30, 2018 Notice and Order also ordered State Farm to submit a memorandum and supporting evidence regarding the amount in controversy. R. Doc. 3.

[47] R. Doc. 7, n.16.

11

days of the Ruling adopting this recommendation, a Motion with supporting documents, for costs and actual expenses, including attorney fees.[48]

### III.    Recommendation

For the reasons set forth herein, the undersigned finds that State Farm Mutual Automobile Insurance Company has not carried its burden of establishing, by a preponderance of the evidence, that the amount in controversy likely exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332.  Accordingly, the undersigned **RECOMMENDS** that the Motion for Remand[49] be **GRANTED** and that this matter be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

The undersigned further **RECOMMENDS** that Plaintiff be awarded fees and costs under 28 U.S.C. § 1447(c).  However, because Plaintiff has not submitted any information regarding the appropriate amount of such fees, in the event this recommendation is adopted, the undersigned recommends that Plaintiff be ordered to file, within ten (10) days of the Ruling adopting this recommendation, a Motion with supporting documents, for costs and actual expenses, including attorney fees.

---

[48] *See*, *Gee v. Texas*, No. 3:18-cv-833, 2018 WL 3321257, at * 5 (N.D. Tex. June 12, 2018) ("While the Court should award Stacey Gee her costs and actual expenses, including the attorneys' fees, associated with the removal of this action, she has yet to provide the Court an affidavit from her attorney outlining those costs and expenses. But, if the Court accepts the undersigned's recommendation to grant the motion to remand and award costs and expenses under Section 1447(c), it should remand this action and then refer the costs-and-expenses issue to the undersigned United States magistrate judge for recommendation.") (citing *Coward v. AC & S, Inc.*, 91 Fed. Appx. 919, 921-22, 2004 WL 75425 (5th Cir. 2004) (per curiam) (holding "that a district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified") (citing *Cooter v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)).

[49] R. Doc. 11.

Considering these recommendations, **IT IS HEREBY ORDERED** that the Unopposed Motion for a Status Conference[50] is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 24, 2019.

                                                **ERIN WILDER-DOOMES**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[50] R. Doc. 19.

13